DICKINSON, PRESIDING JUSTICE,
DISSENTING:
¶38. Even assuming that our so-called “flight instructions” would be appropriate in some cases, this is not one because Ford didn’t flee. As Justice Kitchens and Justice Lamar astutely glean from the record, Ford voluntarily appeared at the police station to give a statement, after which he was informed he was free to leave. No evidence suggests that Ford later—or ever—was informed he was being pursued, and it seems fairly obvious to me that one cannot accidentally or unknowingly flee.
¶39. I also agree with Justice Kitchens that our so-called “flight instructions” pose an unfair risk that the jury will convict an accused based on insufficient evidence. I pause here to point out a stark omission in the majority opinion. In quoting only a portion of the “flight” instruction at issue in this case, the majority fails to include the very language that, in my view, suggests that flight instructions should be abolished. The troublesome portion of the flight instruction omitted by the majority informed the jury that “ ‘flight’ is a circumstance from which guilty knowledge and fear may be inferred.”[3] Instructions such as this permit juries to find the accused guilty based on a particular piece of evidence—standing alone—without consideration of other evidence or the elements of the crime.
¶40. Suppose, for instance, in a prosecution for burglary, the State produced evidence that the accused broke into a building with the intent to steal, and then fled from police; but the State produced no evidence that the building was occupied— an essential element of the crime. Relying solely on a flight instruction, jurors easily could conclude that—because the accused *498 fled—they are allowed to “infer” that the accused is guilty.
¶41. Furthermore, for reasons no majority of this Court has ever explained, this special inference-of-guilt instruction given for flight is not available for other kinds of evidence that, in many cases, present a far more compelling appearance of guilty. For instance, consider a murder case where:
1. the accused’s fingerprints are found on the murder weapon;
2. his DNA is found on the victim;
3. an eyewitness testifies he committed the crime;
4. a video shows him committing the crime;
5. he confessed to the murder; and
6. he fled the scene.
From this list of evidence, a majority of this Court approves allowing the trial judge to pick flight—and only flight—for a special instruction that allows the jury to infer guilt. One wonders whether this Court would affirm a conviction based on evidence of flight, and nothing else.
¶42. For these reasons, I join Justice Kitchens’s dissent in full, and I agree with Justice Lamar that Ford’s conviction should be reversed.
KITCHENS, J., JOINS THIS OPINION. LAMAR, J., JOINS THIS OPINION IN PART.

. Emphasis added.